Filed 6/30/23  P. v. Stull CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES CONRAD STULL,<br><br>    Defendant and Appellant. | H048102<br>(Santa Clara County<br>Super. Ct. No. C1756488) |

In 2018, defendant James Conrad Stull pleaded no contest to second degree robbery and two other charges.  Stull was sentenced to ten years imprisonment, including the upper term of five years for the robbery, and ordered to pay a booking fee of $129.75.  Stull argues that under recent amendments to the sentencing laws he should be resentenced and the booking fee vacated.  We agree.  Accordingly, we reverse the judgment, remand for resentencing, and direct the trial court to vacate any unpaid portion of the booking fee.

## I.  Background

The following factual background is taken from the preliminary hearing.

In January 2017, Stull approached the cashier in a KFC/Taco Bell restaurant, pulled out a gun, which was later determined to be unloaded, and demanded " '[a]ll the money.' "  The cashier complied and gave him money from the cash register.  But another employee, approaching from behind, took the money away from Stull, and the

two fought. With a customer's help, the other employee overpowered and disarmed Stull. During the struggle, Stull bit the other employee's left wrist.

In December 2017, the Santa Clara County District Attorney filed an information asserting three charges against Stull: felony second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), misdemeanor brandishing a firearm (Pen. Code, § 417, subd. (a)(2)), and misdemeanor battery (Pen. Code, §§ 242, 243, subd. (a)).[1] The information also contained enhancement allegations that Stull used a firearm during the commission of the robbery, had a prior serious felony conviction, and had four prior strike convictions. In February 2018, Stull pleaded no contest to the charges and admitted the allegations.

The trial court sentenced Stull in April 2019. The court noted that it had gone over the case "many many times" and "taken more time than normal to review [the] case." While the court found aggravating circumstances, it observed that they were qualified. For example, while the offense involved a gun, the gun was not loaded, and while the defendant inflicted injury, the injury was minor. Similarly, while Stull's prior criminal history was "bad"—he had convictions in 1976, 1982, and 1985, which had resulted in incarceration for the "majority" of his life—in light of their age the court considered the convictions "stale" (and declined to treat them as prior strike convictions).

The trial court also found a number of mitigating circumstances. Stull, the court observed, had "mental health concerns" and an addiction for which he showed "significant insights," appeared genuinely "remorseful," was "employable," and had a "decent background, character, and prospects."

Balancing these factors, the trial court decided that "a significant punishment should be instituted," and since it was not imposing any enhancement for the prior strikes, the court said it was "going to select the maximum, which is five years," for the robbery count. Initially, the trial court also planned to impose an enhancement for the

---

[1] Subsequent undesignated statutory references are to the Penal Code.

use of a firearm resulting in a sentence of "15 years at half time." The probation officer, however, informed the court that, due to the nature of the crime, Stull would serve 85 percent of the sentence. The trial court instead decided to impose a five-year enhancement for a prior serious felony conviction to run consecutive to the robbery sentence. The trial court explained it had in mind a "a certain amount of time" that should be imposed to achieve the goals of public safety, adequate punishment, and uniformity in sentencing, which it was going to impose in light of the "more discretion" over sentencing that the Legislature had given it.

The trial court also assessed various fines and fees, including a "booking fee" of $129.75 to the City of San Jose.

Stull filed a timely notice of appeal.

## II. Discussion

### A. *SB 567*

Stull argues that he should be resentenced in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (SB 567), which became effective January 1, 2022, while this appeal was pending. The Attorney General concedes that SB 567 applies retroactively to this case, but argues that any failure to satisfy SB 567's new requirements was harmless. We disagree.

SB 567 amended section 1170 (Stats. 2021, ch. 731, § 1.3.) When Stull was sentenced in 2019, section 1170 generally required imposition of the middle term where a sentencing provision specified three possible terms of imprisonment. (Former § 1170, subd. (b); see Stats. 2018, ch. 1001, § 1.) However, former section 1170 gave trial courts "broad discretion" to depart from the middle term and impose a greater or lesser term if it found any aggravating or mitigating circumstances. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*).) SB 567 amended section 1170 to limit a court's discretion

to impose the upper term.[2]  As now amended, section 1170 states that "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  (§ 1170, subd. (b)(1).)  That paragraph in turn states that a court may exceed the middle term "only when" circumstances in aggravation "justify the imposition of a term of imprisonment exceeding the middle term."  (§ 1170, subd. (b)(2).)  In addition, it requires that the facts underlying any such aggravating circumstance "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (*Ibid*.)  These restrictions apply retroactively to all cases not yet final on appeal on the legislation's effective date.  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039).); see *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

Stull's sentence fails to satisfy the new restrictions imposed by SB 567's amendments to section 1170.  First, the facts underlying one of the two aggravating

_____

[2] Section 1170, subdivision. (b) provides in pertinent part: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  This paragraph does not apply to enhancements imposed on prior convictions."

circumstances used by the trial court in imposing the upper term—infliction of injury[3]—were not properly established.  Stull admitted the allegation that he used a firearm during the commission of the robbery, which satisfied section 1170's first alternative for establishing the facts underlying an aggravating circumstance.  However, he did not admit to causing any injury, and there was no finding of such an injury at trial, as section 1170 now requires.  (§ 1170, subd. (b)(2).)  As a consequence, neither of the requirements for establishing the facts underlying an aggravating circumstance were satisfied for the injury circumstance.

Second, the trial court exercised broader discretion than section 1170 now affords.  As now amended, section 1170 limits the discretion of trial courts to impose upper term sentences: a trial court may do so only if aggravating circumstances "justify the imposition of a term of imprisonment exceeding the middle term."  (§ 1170, subd. (b)(2).)  The trial court, however, did not determine that aggravating circumstances justified imposition of the upper term on the robbery charge.  Indeed, it found that the aggravating circumstances here were relatively limited because the gun used was "not loaded" and the injury inflicted was "minor."  Nevertheless, exercising the "more discretion" previously granted, the trial court imposed the upper term on the robbery charge because it had dismissed the strikes and found that a longer overall sentence was needed in order to achieve the "goals of public safety, adequate punishment for Mr. Stull, and uniformity in sentencing."

The Attorney General argues that the first conflict with section 1170, the finding of an injury without a stipulation or trial, was harmless because it is reasonably probable that a jury would have found such an injury.  This argument raises a difficult question

---

[3] Although defendants generally may be sentenced to an upper term based on prior convictions (§ 1170, subd. (b)(3)), as the Attorney General recognizes, the trial court did not do so here and, indeed, could not have done so after imposing an enhancement for a prior felony conviction.  (§ 1170, subd. (b)(5).)

concerning the harmless error standard for "mixed" findings, some valid under amended section 1170 and some not, which the California Supreme Court is now considering. (*People v. Lynch* (May 27, 2022, C094174) [nonpub. opn.].), review granted Aug. 10, 2022, S274942; see also *Sandoval, supra,* 41 Cal.4th 825, 839 [noting that in a sentencing hearing a defendant may not have the same incentive and opportunity to contest aggravating circumstances that the defendant would have in a jury trial].) We need not reach that question because we conclude that the second conflict with section 1170 as now amended, sentencing Stull on the robbery count to the upper limit without finding that an aggravating circumstance justified the sentence, was not harmless and requires remand.

As our Supreme Court has long recognized, " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Consequently, a case must be remanded for resentencing "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion" had it been aware of the proper scope of its discretion. (*Ibid.*) Here, the trial court sentenced Stull to an upper term for robbery on the assumption that it had broad discretion to determine the proper length of the sentence rather than the narrower discretion now granted by section 1170 to determine if aggravating circumstances themselves "justify the imposition of a term of imprisonment exceeding the middle term." (§ 1170, subd. (b)(2).) It is unclear that, exercising this narrower discretion, the trial court would have sentenced Stull to an upper term. For example, while the court found that Stull used a gun during a robbery, it noted that "[t]he gun was not loaded" and Stull caused no injury with it. Similarly, while the court found that Stull caused an injury by biting the employee with whom he fought, it noted that this "was a minor injury." As a consequence, we cannot conclude that the trial court's exercise of the broader discretion afforded before the recent amendment to section 1170 was harmless.

6

Accordingly, we will remand this matter for resentencing consistent with section 1170 as now amended.

B. *Criminal Justice Administration Fee*

At sentencing, the trial court ordered Stull to pay a "booking fee [of] $129.75 to the City of San Jose." As the clerk's minutes recognize, this was a "CJAF," or criminal justice administration fee, under former Government Code section 29550, subdivision (c). (Stats. 2012, ch. 43, § 3.) In 2020, however, the Legislature amended Government Code section 6111 to make such court-imposed costs unenforceable and to require courts to vacate them. (Stats. 2020, ch. 91, § 62; see also Gov. Code, § 6111 ["On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . subdivision (c) or (f) of Section 29550 … is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."].) Consequently, Stull argues, and the Attorney General agrees, that any unpaid balancing owing on his criminal justice administration fee must be vacated. We concur. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626-627.)

## III. Disposition

The judgment is reversed and this matter is remanded for resentencing under Penal Code section 1170 as amended. The trial court is also directed to vacate any portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021.

_____

BROMBERG, J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

_____

LIE, J.

*People v. Stull*

H048102